Dear Mr. Billings:
You ask this office to advise whether the full-time appointed chief of police for the Village of McNary may at the same time hold elective office as Mayor for the Town of Glenmora. In addition to holding the office of chief of police for the Village of McNary, you further state the chief "also has the position in McNary of reading the water meters."
The Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61
et seq., prohibits the holding of certain combinations of public offices and/or employments. A dual officeholding analysis first requires a determination of the types of positions held. Here, we initially observe that the position of "water meter reader" with the Village is assumed to be a position of part-time employment, meaning a "job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee . . . of a political subdivision thereof" as defined by La.R.S. 42:62(3).
Further, the Mayor of Glenmora holds elective office under La.R.S.42:62(1), which defines elective office to mean "any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof." La.R.S. 42:62(9) defines political subdivision to include a municipality, meaning the Mayor holds elective office in the political subdivision of the municipality of Glenmora.
The chief of police of the Village of McNary holds appointive office
under La.R.S. 42:62(2), which defines appointive office to mean and include "any office . . . which is specifically established or specifically authorized by the constitution or laws of this state . . . which is filled by appointment or election by . . . a governmental *Page 2 
body . . . of a political subdivision thereof." Here, the position of chief of police for the Village of McNary is specifically created by La.R.S. 33:381 (20)[1] and is appointed by the mayor with the approval of the governing authority as provided by La.R.S. 33:381.2. The position of chief of police is also considered to be fulltime as defined by the dual officeholding law.[2]
Note that the general dual officeholding prohibitions set forth in La.R.S. 42:63 do not prohibit one from holding at the same time full-time appointive office and parttime employment in the same municipality of the Village of McNary. Neither does the law prohibit one from holding the elective office of mayor while holding parttime employment in a separate municipality. Thus, it is the opinion of this office that no violation of the dual officeholding provisions occurs where the positions of chief of police of the Village of McNary and part-time Village employment as water meter reader are held simultaneously.[3] It is also the opinion of this office that no violation of the dual officeholding provisions occurs where the Mayor of *Page 3 
the Town of Glenmora at the same time also holds part-time employment with the Village as a water meter reader.[4]
However, under the foregoing discussed dual officeholding definitions, the Mayor of Glenmora holds elective office in a political subdivision of the state while the chief of police of the Village of McNary holds full-time appointive office. The simultaneous holding of these positions is prohibited by La.R.S. 42:63(D), which provides that "no person holding an elective office in a political subdivision of this state shall at the same time hold another . . . full-time appointive office . . . in the government of a political subdivision thereof."
It is the opinion of this office that the full-time appointed chief of police of the Village of McNary may not at the same hold elective office as Mayor of the Town of Glenmora.
This opinion is limited to an examination of state law regulating dual officeholding and employment. Any ethical concerns raised by these circumstances must be submitted to the Louisiana State Board of Ethics for review and resolution. The Board renders advisory opinions regarding the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq. The mailing address for the Louisiana State Board of Ethics is P.O. Box 4368, Baton Rouge, Louisiana 70821, phone 225-219-5000.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] La.R.S. 33:381(20) provides, in pertinent part:
(20)(a) Notwithstanding any other provision of law to the contrary, the board of aldermen of the Village of McNary may, upon recommendation of the mayor, abolish the office of the chief of police or determine that the chief of police shall not be elected at large but shall be appointed by the mayor with the approval of the board of aldermen. However, no such action shall affect the term of an elected chief of police.
(b) If the board decides to make the police chief an appointed position, the salary of the appointed chief of police shall be established by the board of aldermen upon recommendation of the mayor. The duties, responsibilities, and qualifications of the appointed chief of police shall be established by ordinance. The term of office of the appointed chief shall be concurrent with that of the appointing mayor and aldermen. The mayor shall supervise and direct the administration of the office of the chief of police in accordance with such ordinances, and the chief of police shall report directly to the mayor.
[2] The terms full-time and part-time are defined by La.R.S. 42:62(4) and (5) as follows:
(4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time.
[3] The chief of police of the Village of McNary is subject to other restrictions provided by state statute and Village ordinance. See La. Atty. Gen. Op. 10-0036, recognizing that "the mayor may set the work schedules of the police department personnel, and can mandate a specificwork schedule for the chief who is mandated to report directly to themayor . . ."
[4] La.R.S. 42:63(D) prohibits one from holding employment in the same political subdivision in which he holds elective office, but does not prohibit the holding in separate political subdivisions, or in this instance, separate municipalities.